UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL C SMITH and JILLIAN L
MARCOTTE,

Plaintiffs,

v.

CITY OF KENT and KENT POLICE
DEPARTMENT,

Defendants.

CASE NO. 2:25-cv-02421-TL

ORDER DISMISSING COMPLAINT
WITH LEAVE TO REFILE

This matter is before the Court on its own motion. Plaintiffs, proceeding pro se, assert claims under the Fourth, Fifth, and Eighth Amendments to the Constitution of the United States, as well as Article I, Section 7 of the Constitution of the State of Washington. Dkt. No. 6 (Complaint) at 3. Having reviewed the Complaint, the Court finds that the Complaint as currently written fails to state a claim upon which relief may be granted and therefore DISMISSES the Complaint without prejudice and with leave to file an amended complaint.

On December 1, 2025, Plaintiffs Randall C Smith and Jillian L Marcotte each filed a Declaration and Application to Proceed *In Forma Pauperis* ("IFP") in this action. Dkt. Nos. 1, 2.

ORDER DISMISSING COMPLAINT WITH LEAVE TO REFILE – 1

Plaintiffs' applications for IFP status were granted, but the Honorable Michelle L. Peterson, United States Magistrate Judge, recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 5. Plaintiffs' Complaint was subsequently filed on the docket. Dkt. No. 6.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if an IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

A well-pleaded complaint must provide sufficient factual details to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds pro se (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should 'not supply essential elements of the [pro se] claim that were not initially pled.'" *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

ORDER DISMISSING COMPLAINT WITH LEAVE TO REFILE – 2

The Complaint Plaintiffs have filed includes what appears to be only a partial account of events involving Plaintiff Smith that allegedly began on September 29, 2025, at approximately 9:55 pm. Dkt. No. 6 at 5. (No facts related to Plaintiff Marcotte are included in the Complaint at all. *See generally* Dkt. No. 6.) According to Plaintiffs, Plaintiff Smith was driving in Kent when a Kent Police Department officer, who had been parked on the side of the road, pulled him over and initiated a traffic stop. *Id.* at 5. While following the officer's instructions, Plaintiff Smith noticed officers with guns pointed in his direction. *Id.* The statement of claim continues, "After kneeling on the ground and being handcuffed," but then the statement ends midsentence. *Id.*

These facts, even if true (and the Court, at this stage, assumes that all facts in the Complaint are true) do not "state a claim for relief" because they do not, without more, show that a law has been broken or any of Plaintiffs' rights have been violated. And while the Complaint separately refers to "intentional violation of privacy, seizure without warrant, deprivation of property, attempts to gain self-incriminating information, violations of Spousal Privilege, Pretextual seizure of person and Vehicle, Theft, Evidence Tampering and failure to provide requested documents and/or authority of Law for Seizures, and Use of Excessive Force without Cause," these are all legal conclusions, most of which are unrelated to the facts in the Complaint.

To state a plausible claim for relief in federal court, Plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, Plaintiffs offer conclusory statements with almost no facts. The few facts that are provided are insufficient to support Plaintiffs' conclusions or show that they are entitled to relief.

The Court therefore FINDS that Plaintiffs fail to state a plausible claim for relief. For this reason, the Court must dismiss Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore grant Plaintiffs leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. The amended complaint must provide a short and plain statement telling the Court: (1) the laws or statutes upon which Plaintiffs' claims are based; (2) which claims are asserted by which Plaintiff, and against which Defendant; (3) exactly what facts support each of the alleged violations of law against each Defendant; and (4) what specific injury each Plaintiff suffered because of each alleged violation of law.

Accordingly, the complaint is DISMISSED without prejudice. However, the Court GRANTS Plaintiffs leave to amend their Complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by February 23, 2026. **If Plaintiffs fail to file an amended complaint by February 23, 2026, the Court will dismiss this case in its entirety.**

Dated this 23rd day of January, 2026.

Tana Lin
United States District Judge

ORDER DISMISSING COMPLAINT WITH LEAVE TO REFILE – 4